MEMORANDUM **
Nicolas Gonzalez appeals the district court’s award of $99,395.11 in attorney’s fees, arguing that the district court abused its discretion by reducing class counsel’s hourly rate by 24.4%, the lodestar hours by 55%, and failing to apply a multiplier. We agree, and we reverse and remand for recalculation of the attorney’s fee amount.
The district court abused its discretion in applying federal law instead of California substantive law to the calculation of attorney’s fees. Because the district court exercised diversity jurisdiction over this case, California substantive law applies to the calculation of the attorney fee award. Mangold v. Cal. Pub. Utils. Comm’n, 67 F.3d 1470, 1478 (9th Cir.1995).
California law requires that “an attorney fee award should ordinarily include com *705 pensation for all the hours reasonably spent, including those relating solely to the fee.” Ketchum v. Moses, 24 Cal.4th 1122, 1138, 104 Cal.Rptr.2d 377, 17 P.3d 735 (2001). Thus, on remand, the district court should include in the recalculated fee award all the hours counsel reasonably spent on attorney’s fees.
California courts also continue to use the contingent risk factor in their multiplier analysis. See, e.g., Cates v. Chiang, 213 Cal.App.4th 791, 153 Cal.Rptr.3d 285, 312 (2013) (quoting Graham v. DaimlerChrysler Corp., 34 Cal.4th 553, 579-80, 21 Cal.Rptr.3d 331, 101 P.3d 140 (2004)). On remand, the district court should consider the fact that the case was taken on a contingency fee basis as a factor when determining the appropriate lodestar multiplier.
The district court abused its discretion when it reduced class counsel’s rates by 24.4% across the board. It did so based solely on a single comparison to the rate class co-counsel charges and in contravention of the other evidence submitted relating to the prevailing hourly rates for comparable legal services in the community. See Ketchum, 24 Cal.4th at 1132, 104 Cal. Rptr.2d 377, 17 P.3d 735. The district court also did not “make a finding as to the reasonable hourly rate for each of Plaintiffs’ attorneys, who varied in [skill, experience, and reputation].” Gonzalez v. City of Maywood, 729 F.3d 1196, 1206 (9th Cir.2013) (emphasis added). It also abused its discretion by slashing counsel’s hours by 55% without careful review of the attorney documentation of hours expended. See Ketchum, 24 Cal.4th at 1132, 104 Cal. Rptr.2d 377, 17 P.3d 735. In sum, there was no “careful compilation of the time spent and reasonable hourly compensation of each attorney ... involved in the presentation of the case,” required by California law. Serrano v. Priest, 20 Cal.3d 25, 48, 141 Cal.Rptr. 315, 569 P.2d 1303 (1977).
Finally, the district court’s failure to “explain why it chose to cut the number of hours or the lodestar by the specific percentage it did,” Maywood, 729 F.3d at 1203, also requires us to reverse and remand. The court’s failure to “justify the specific percentages it chose,” id. at 1204 (emphasis added), forces us to conclude, based on the district court’s limited explanation, that the 55% reduction in the lodestar was selected arbitrarily. See id.
We therefore reverse the district court’s determination of the amount of attorney’s fees awarded in this case, and we affirm its decisions to award attorney’s fees and incentive fees, which the parties do not appeal.
AFFIRMED in part, REVERSED in part, and REMANDED. Each party shall bear its own costs on appeal.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.